UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL SECTION

CASE NO: 4:15-cv-40052-TSH

ROBERT LAMBIRTH,

    Plaintiff,

vs.

ADVANCED AUTO, INC., LUKE MALO, and JASON MALO

    Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

### I.    INTRODUCTION

NOW COME the Defendants, ADVANCED AUTO, INC., LUKE MALO and JASON MALO, (hereinafter collectively the "Defendants"), in the above-captioned matter and submits the foregoing Memorandum of Law in support of their Motion to Dismiss Count II of Plaintiff's Complaint for a failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. Rule 12(b)6). Plaintiff's Complaint sets forth two Counts for which he seeks relief.  Count I alleges that the Defendants failed to pay Plaintiff overtime compensation in violation of the Fair Labor Standards Act as set forth in 29 U.S.C.A. § 207(a). Count II of Plaintiff's Complaint alleges that the Defendants, in failing to pay Plaintiff overtime compensation, violated M.G.L. c. 149, §148 by failing to timely pay the Plaintiff his wages. As such, Plaintiff avers that the Defendants' alleged failure to pay his wages in accordance with M.G.L. c. 149, §148, requires

this Court to award treble damages, attorney's fees, and costs in accordance with M.G.L. c. 149, § 150. As set forth below, Count II of Plaintiff's Complaint must be dismissed as M.G.L. c. 149, §§ 148 and 150 only apply to the payment of regular "straight time" compensation.

## II.　　PERTINENT FACTS

1.　　Plaintiff is a former employee of Defendants, who at all times relevant to his employment, worked as a vehicle repairman.

2.　　Plaintiff began his employment with the Defendants on April 12, 2013.

3.　　Plaintiff terminated his employment with the Defendants on or about January 15, 2015.

4.　　At the time of Plaintiff's termination he was paid for all hours worked and his accrued vacation time.

5.　　At no time prior to Plaintiff's termination did he ever allege that he was not paid any regular time compensation or overtime compensation.

6.　　On March 13, 2015, Defendants were served with the Complaint in this matter.

7.　　The Complaint does not, in any manner allege that the Plaintiff was not paid regular or straight time compensation for hours he performed work for the Defendants.

8.　　The allegations set forth in Plaintiff's Complaint allege only that he was not paid overtime compensation.

## III.　　DISCUSSION

As set forth herein, Plaintiff's state law claims brought pursuant to M.G.L. c. 149, §§ 148 and 150 must be dismissed as these statutes only apply to an employer's failure to pay regular or straight time compensation.

### A. Standard of Review

A motion to dismiss brought pursuant to Fed. R. Civ. P. Rule 12(b)(6) allows the Court to evaluate the sufficiency of the Plaintiff's Complaint to determine if the Plaintiff can prove any set of facts in support of his claims which could entitle the Plaintiff to relief. *Cook v. Gates*, 528 F.3d 42, 48 (2008) *citing SFW Arecibo, Ltd. v. Rodriquez*, 415 F.3d 135, 138-39 (1st Cir. 2005). In order to survive the Motion to Dismiss, the Plaintiff's Complaint must set forth some "plausible entitlement to relief." *Id.* quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Count II of Plaintiff's Complaint must be dismissed because the Plaintiff has failed to plead any facts alleging that the Defendants failed to pay Plaintiff all regular or straight time pay for hours worked.

### B. Count II of Plaintiff's Complaint must be dismissed because the Plaintiff was paid all regular compensation he was owed as an employee of the Defendants.

The Massachusetts Wage Act, codified as Massachusetts General Laws c. 149, § 148 (the "Wage Act") mandates that "every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned." M.G.L. c. 149, § 148. The purpose of the Wage Act is to protect employees and their legal right to wages. *Camara v. Attorney General, 458 Mass. 756, 760 (2011)* quoting *Electronic Data Systems Corp. v. Attorney General, 454 Mass. 63, 70 (2009),* see also *Boston Police Patrolmen's Assn v. Boston, 435 Mass. 718, 720* ("*purpose of the weekly wage law is clear: to prevent the unreasonable detention of wages*"). The Massachusetts overtime statute was codified in M.G.L. c. 151A, § 1A, a separate and distinct statute from the Wage Act, and requires employers to pay certain categories of

employees one and one half their regular rate of pay for hours worked in excess of 40 hours per week.[1]

The Plaintiff will, in no doubt, rely on the holding set forth in *Carroca v. All Star Enterprises and Collision Center, Inc.,* 2013 WL 3496537 (D. Mass., 2013) to assert its position that the Massachusetts Wage Act applies to overtime wage payments as well as straight time wage payments. The *Carroca* decision, however, failed to take into account the legislative limitations in the Massachusetts Wage Act in that the Act only applies to regular or straight time wages. The Massachusetts Supreme Judicial Court, in *Crocker v. Townsend Oil Company, Inc.*, considered the applicability of the Wage Act to the overtime compensation requirements of M.G.L. c. 151, § 1A. *Crocker v. Townsend Oil Company, Inc.,* 464 Mass. 1 (2012). In the *Crocker* decision, the Court considered the different statutes of limitations for bringing a M.G.L. c. 151, § 1A overtime complaint (two years of the date of accrual) versus a M.G.L. c. 149, § 148 straight time wage complaint (three years of the date of accrual) to conclude that the Wage Act does not include overtime wages, only regular wages. *Id.* at 7. The damages set forth in the Wage Act, therefore, would only be applicable to uncompensated time paid at a regular rate of pay as opposed to an overtime or "premium" rate of pay. *Id.* see also *Napert v. Government Employees Insurance Company*, 36 F. Supp. 3d 237, 243, n. 7 (D. Mass. 2014).

Count II of Plaintiff's Complaint alleges that the Plaintiff is entitled to the damages available for violations of M.G.L. c. 149, §148, namely automatic treble damages, attorney's fees and costs (as set forth in M.G.L. c. 149, § 150) for the Defendants alleged failure to pay overtime

---

[1] It should be noted that Massachusetts has enumerated certain exemptions form the overtime pay requirements of M.G.L. c. 151, § 1A. One such exemption is a "garageman." M.G.L. c. 151, § 1A(15). While the statute does not define the term "garageman," the Massachusetts Courts have defined a "garageman" as "one who works in a garage." *See Fitz-Inn Auto Parks, et al. v. Commissioner of Labor and Industries*, 350 Mass. 39, 40-41 (1965). The Plaintiff has not asserted any count alleging liability of the Defendants to pay overtime pursuant to M.G.L. c. 151, § 1A.

wages. The Plaintiff never alleges that he was not paid regular wages for any hours worked in excess of forty (40) hours. Since M.G.L. c. 149, §148 does not apply to overtime wages, and Plaintiff has not alleged that he is owed any regular or straight time wages, Plaintiff's Count II must be dismissed for failure to state a claim upon which relief can be granted.

## IV.   CONCLUSION

WHEREFORE, as the Plaintiff has not alleged that he is owed any regular time compensation, Defendants respectfully request this Court dismiss Count II of Plaintiff's Complaint.

Dated:  April 6, 2015

                              Respectfully Submitted:

                              */s/ John M. Flick*
                              John M. Flick, Esq. (BBO# 652169)
                              Flick Law Group, P.C.
                              144 Central Street, Suite 201
                              Gardner, MA 01440
                              (978) 632-7948
                              jflick@flicklawgroup.com

## CERTIFICATE OF SERVICE

I, John M. Flick, hereby certify that this Defendants' Memorandum of Law in Support of Defendants' Motion To Dismiss Count II of Plaintiff's Complaint, filed through ECF System, was served upon counsel for Plaintiff, by email and first class mail at:

Raven Moeslinger, Esq.
Law Office of Nicholas F. Oritz, P.C.
99 High Street, Suite 304
Boston, MA 02134.
rm@mass-legal.com

Nicholas F. Ortiz, Esq.
Law Office of Nicholas F. Oritz, P.C.
99 High Street, Suite 304
Boston, MA 02134.
nfo@mass-legal.com


Date:  April 6, 2015

                                            */s/ John M. Flick*
                                            FLICK LAW GROUP, P.C.