UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT LAMBIRTH, <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED AUTO, INC., <br> LUKE MALO, and JASON MALO, <br><br> Defendants. | Case No. 4:15-cv-40052-TSH |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
COUNT II OF PLAINTIFF'S COMPLAINT**

The plaintiff, Robert Lambirth, opposes the defendants' motion to dismiss Count II of his Complaint, which alleges the untimely payment of wages in violation of the Weekly Payment of Wages Act (the "Wage Act"), M.G.L. c. 149, § 148.

## I. INTRODUCTION

The defendants' position – that the phrase "wages earned" in the Wage Act encompasses only "regular" or "straight time" compensation – has been rejected by every federal and state court that has addressed the issue, including this one. Instead, every judge has concluded that overtime wages are subject to the time requirements and treble damages provision in the Wage Act. The defendants' definition of "wages" is simply an attempt to avoid their obligation to pay Mr. Lambirth treble damages for his unpaid wages, and they present no legal authority that supports their position. Accordingly, this Court must deny the defendants' motion to dismiss.

## II. RELEVANT FACTS

1. Mr. Lambirth began work for the defendants as an automotive technician in April 2013. Complaint, ¶ 11.

2. Throughout the course of his employment, Mr. Lambirth regularly worked in excess of forty hours per week, yet never received premium overtime wages.  Complaint, ¶¶ 16-17.

3. In January 2014, the defendants terminated Mr. Lambirth's employment.  Complaint, ¶ 18.

4. The defendants failed to pay Mr. Lambirth "the full amount of his earned wages on the date of his termination."  Complaint, ¶ 19.

## III. STANDARD OF REVIEW

Fed. R. Civ. P. 8(a) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  A motion to dismiss should be denied if a plaintiff has shown a "plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). "Asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [a cause of action]." Id. at 556.

## IV. ARGUMENT

The defendants' position – that the timing requirements and treble damage provision in the Wage Act do not apply to earned overtime wages – has no statutory or judicial support.  The Massachusetts Wage Act provides, in relevant part:

> Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned … and any employee discharged from such employment shall be paid in full on the day of his discharge. M.G.L. c. 149, § 148.

The Massachusetts Legislature enacted Section 148 to limit "the interval between the completion of a work week and the payday on which the wages earned in that week will be paid." American Mutual Liab. Ins. Co. v. Comm'r of Labor Industries, 340 Mass. 144, 145 (1959). The statute sought "primarily to prevent unreasonable detention of wages." Id. at 147.

The Wage Act does not define "wages" except that it provides they "shall include any holiday or vacation payments due an employee under an oral or written agreement." Fraelick v.

2

PerkettPR, Inc., 83 Mass. App. Ct. 698, 703 (2013). "Earn" is not defined either, but courts look to its plain meaning: "[t]o acquire by labor, service, or performance." Awuah v. Coverall N. America, Inc., 460 Mass. 484, 492 (2011), quoting from Black's Law Dictionary 584 (9th ed. 2009).

### A. LAMBIRTH HAS PROPERLY STATED A CLAIM FOR RELIEF UNDER THE WAGE ACT.

#### i. Courts have uniformly held that overtime wages are subject to the Wage Act.

The plaintiff is unaware of a single case in which a court has adopted the defendants' position. Rather, courts have uniformly concluded that premium overtime wages are "wages" for purposes of the Wage Act. This Court has twice come to this conclusion.

First, in Carroca v. All Star Enterprises and Collision Center, Inc., Judge Casper squarely addressed the issue on nearly identical facts. No. 12–11202–DJC, 2013 WL 3496537 (D. Mass. July 10, 2013). In Carroca, the plaintiff alleged nonpayment of overtime wages in violation of the Fair Labor Standards Act (FLSA) as well as a violation of the Wage Act. Id. at *1. Specifically, Carroca alleged that the defendants violated the Wage Act because he "did not timely receive his overtime wages." Id. at *3. Judge Casper concluded that the defendants had not only violated the FLSA by failing to pay overtime, but that the failure to timely pay those overtime wages violated the Wage Act: "Where Carroca did not receive 'time and one half' payment for overtime, there is no genuine dispute of material fact that Carroca did not receive all 'wages earned by him' in a timely manner." Id. at **2-3, citing M.G.L. c. 149, § 148.

Contrary to the defendants' contention that Judge Casper "failed to take into account the legislative limitations in the Massachusetts Wage Act,"[1] she was acutely aware of the statutory

---

[1] Defendants' Memorandum of Law In Support of Defendants' Motion to Dismiss Count II of Plaintiff's Complaint ("Defendants' Memorandum"), p. 4.

3

provisions, noting that Carroca was "*not* alleging a violation of the *state* overtime wage law … but instead alleg[ing] a violation under [M.G.L. c. 149, § 148] governing the timing of wage payments of payments due here under *federal* overtime law." Id. at *3 (emphasis in original). Judge Casper then concluded that the defendants were "liable under Mass. Gen. L. c. 149 § 148, where they did not pay all of 'the wages earned by him' within the statutory pay period" and awarded treble damages. Id. at **3-4.

Subsequently, in O'Brien v. Lifestyle Transportation, this Court again concluded that overtime wages are subject to the Wage Act. 956 F.Supp.2d 300 (D. Mass. 2013) (Report and Recommendation adopted by Judge Gorton) (concluding that "if [the plaintiff] is found to be entitled to overtime under Mass. Gen. L. c. 151 § 1A, he can also proceed under Mass. Gen. L. c. 149 § 148 and hold the defendants accountable for not paying that overtime in a timely manner").

Massachusetts state courts are no different, reaching the same conclusion. In Parow v. Howard, a group of firefighters brought suit alleging nonpayment of overtime in violation of M.G.L.c. 48, § 58C and the failure to timely pay those overtime wages in violation of the Wage Act. 17 Mass.L.Rptr. 149, 2003 WL 23163114, at *1 (Mass. Sup. Ct. Nov. 12, 2003) (Graham, J.). In finding the defendants liable, the court simply applied the Wage Act to the unpaid overtime wages, holding that the defendants "consistently violated G.L.c. 149, § 148, by failing to pay Plaintiffs their earned overtime wages within seven days of the termination of the pay period in which they worked the overtime" and awarding treble damages Id. at *3.

Another Superior Court judge, in Munson v. Velante, reached the same result. No. 043626, 19 Mass.L.Rptr. 672, at **1-3 (Mass. Sup. Ct. Aug. 4, 2005) (Murphy, J.) (applying Wage Act to lawsuit over unpaid overtime, awarding treble damages).

These decisions comport with the legislative intent underlying the Wage Act. The legislative history suggests that the legislature was concerned less with the *type* of wages than with the *timing* of the payment of wages. See American Mutual Liab. Ins. Co. v. Comm'r of Labor Industries, 340 Mass. 144, 145 (1959) (noting that the legislative history indicates the Wage Act was enacted "primarily to prevent unreasonable detention of wages" and that "[t]he cure which the Legislature prescribed for the evil noted was to require regular and frequent payment").

In contrast to the overwhelming authority supporting the plaintiff's position, the defendants rely on Crocker v. Townsend Oil Company, Inc. to support their reading of the statute. However, the defendants' reliance is misplaced. In Crocker, the Supreme Judicial Court addressed regular rate and overtime wage claims under what at that time were two different statutes of limitations under the Wage Act (three years) and Massachusetts overtime statute (two years). 464 Mass. 1 (2012). While the plaintiffs' overtime wages were time-barred, the SJC held that the plaintiffs could still recover for any uncompensated time at the plaintiffs' regular hourly rate. Id. at 7. In other words, "if the two-year statute of limitations has elapsed, the employee is not entitled to the premium overtime rate under G. L. c. 151, § 1A." Id.

The defendants read into Crocker a holding that does not exist, incorrectly concluding that the case stands for the proposition that the damages provision in the Wage Act is "only applicable to uncompensated time paid at a regular rate of pay as opposed to an overtime or 'premium' rate of pay." Defendant's Memorandum, p. 4. There is no support for that statement in the decision. Crocker stands for something fairly simple: Unlike the Massachusetts overtime statute, the Wage Act provides no substantive right to premium overtime pay, so if an employee's overtime claim is time-barred, she cannot recover one and one-half times her regular

5

rate of pay for hours worked in excess of forty. Rather, the employee can only recover her normal hourly wages for the uncompensated time. In short, Crocker has nothing to do with the issue before this Court, which is whether earned overtime wages are "wages earned" for purposes of the Wage Act. And this Court – and others – have repeatedly concluded that they are.

    **ii. The plaintiff alleges facts supporting a plausible entitlement to relief under the Wage Act.**

Here, Mr. Lambirth has properly stated a claim for relief under the Massachusetts Wage Act. Lambirth alleges that the defendants failed to timely pay his earned overtime wages. In short, the plaintiff's claim is that the defendants did not pay him all "wages earned" as required by the Wage Act. This Court, and every other court that has decided the issue, has uniformly held that this is a cognizable claim under the Wage Act. The defendants have failed to present any legal authority to the contrary.

## V. CONCLUSION

Because Mr. Lambirth has properly stated a claim for relief under the Wage Act, this Court must deny the defendants' motion to dismiss Count II of his Complaint.

                              Respectfully submitted,

                              /s/ Raven Moeslinger_____
                              Raven Moeslinger (BBO# 687956)
                              Nicholas F. Ortiz (BBO# 655135)
                              Law Office of Nicholas F. Ortiz, P.C.
                              99 High Street, Suite 304
                              Boston, MA 02110
                              (339) 236-3750
                              rm@mass-legal.com

Date: April 16, 2015

## CERTIFICATE OF SERVICE

       I, Raven Moeslinger, hereby certify that on April 16, 2015, a true copy of the above document was served upon the attorney of record for the defendants by mail and via the Court's ECF noticing system.

                              /s/ Raven Moeslinger