## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )

| | |
|---|---|
| **ROBERT LAMBIRTH,** ) | |
| ) | **CIVIL ACTION** |
| **Plaintiff,** ) | |
| ) | **NO.  4:15-CV-40052-TSH** |
| **v.** ) | |
| ) | |
| **ADVANCED AUTO, INC., LUKE MALO,** ) | |
| **and JASON MALO,** ) | |
| ) | |
| **Defendants.** ) | |

_____ )

## MEMORANDUM AND ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS
### (Docket No. 7)

### October 15, 2015

**HILLMAN, D.J.**

      Robert Lambirth (Plaintiff) brought suit against his former employers, Advanced Auto, Inc., Luke Malo, and Jason Malo (collectively, Defendants), to recover payment of overtime wages.  Defendants moved to dismiss Count II of Plaintiff's complaint.  For the reasons set forth below, Defendants' motion is ***denied***.

### Background

      The following facts are taken from Plaintiff's complaint and assumed true for the purposes of this motion.  Advanced Auto, Inc. is a company that sells automobiles and provides automotive repair services, located in Uxbridge, Massachusetts.[1]  Luke Malo is the company's President and Jason Malo is the Treasurer.  Advanced Auto, Inc. hired Plaintiff in April of 2013 as an automotive technician.  His responsibilities included repairing cars and trucks.  Between April 13, 2013 and

---

[1] According to Plaintiff, more than 75% of Advanced Auto, Inc.'s annual revenue is derived from automobile and truck repairs and less than 25% is derived from automobile sales.

May 3, 2013, Plaintiff was compensated at $20 per hour.  In May of 2013 his compensation was increased to $23 per hour, and in September of 2014[2] it was again increased to $24 per hour. Although Plaintiff regularly worked in excess of forty hours per week, Advanced Auto, Inc. never paid him one-and-one-half times his hourly wage.  Advanced Auto, Inc. terminated Plaintiff's employment in January of 2014[3] and "failed to pay [him] the full amount of his full earned wages on the date of his termination." (Docket No. 1-3 at ¶ 19.)  Thus, Plaintiff alleges that Advanced Auto, Inc. owes him "a substantial amount of overtime wages." (Docket No. 1-3 at ¶ 20.)  Plaintiff brought suit against Defendants alleging violation of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a), 216(b) for failure to pay overtime compensation (Count I); and violation of Mass. Gen. Laws ch. 149, §§ 148, 150 (the Wage Act) for failure to timely pay wages due (Count II).  Defendants moved to dismiss Count II pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

## Discussion

### *Standard of Review*

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).  In evaluating a motion to dismiss,

---

[2] Plaintiff's complaint lists this date as "September 2014"; however, he was allegedly terminated in January of 2014.

[3] If the date mentioned above is meant to be 2014, then this termination date is inaccurate.

the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000).

*Analysis*

Defendants argue that Plaintiff's claim brought pursuant to Mass. Gen. Laws ch. 149, §§ 148, 150 should be dismissed because these statutes apply only to an employer's failure to timely pay regular compensation, not overtime earnings.  The so-called "Wage Act," Mass. Gen. Laws ch. 149, § 148, provides in pertinent part as follows:

> Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week, . . . and any employee discharged from such employment shall be paid in full on the day of his discharge . . . . The word "wages" shall include any holiday or vacation payments due an employee under an oral or written agreement.

An employee who prevails on a claim brought under § 148 "shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees." Mass. Gen. Laws ch. 149, § 150.

Plaintiff asserts that he is entitled to overtime compensation pursuant to the FLSA, 29 U.S.C. §§ 207(a), 216(b) and, because he is entitled to this compensation, Defendants' failure to pay it to him upon termination constitutes a violation of the Wage Act, which entitles him to treble damages.[4]  Defendants, on the other hand, assert that using the Wage Act in this manner contravenes its legislative intent.

---

[4] The remedy for failure to pay overtime under the FLSA does not provide multiple damages. *See* 29 U.S.C. § 216(b).

Notwithstanding the Wage Act, Massachusetts state law provides a right to overtime compensation pursuant to Mass. Gen. Laws ch. 151, § 1A, the so-called "Fair Minimum Wage Act" (FMWA).  This statute mirrors its counterpart in the FLSA, providing that employers must pay time-and-a-half for hours worked in excess of forty per week. *See* 29 U.S.C. § 207.  The Massachusetts provision, however, unlike the FLSA, contains an exemption for a "garageman, which term shall not include a parking lot attendant." Mass. Gen. Laws ch. 151, § 1A(15).[5]  The parameters of this exemption are not clearly established under Massachusetts law. *See Fitz-Inn Auto Parks, Inc. v. Comm'r of Labor & Indus.*, 213 N.E.2d 245, 246-48 (Mass. 1965).  Although Plaintiff has not asserted a claim under the FMWA, Defendants contend that he would not be entitled to overtime wages under Massachusetts law due to the "garageman" exemption; thus, they argue that it would be contrary to legislative intent to allow him to use the Wage Act to collect treble damages for any unpaid overtime differential, because he is not entitled to overtime under state law.

Accordingly, the disputed issue is whether the Wage Act can be used as a means of collecting treble damages for unpaid overtime wages due under federal law.  In interpreting the Wage Act, my "primary duty . . . is to effectuate the intent of the Legislature in enacting it." *Water Dep't of Fairhaven v. Department of Envtl. Protection,* 920 N.E.2d 33, 37 (Mass. 2010) (quoting *International Org. of Masters v. Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.,* 467 N.E.2d 1331, 1332 (Mass. 1984)).  If the statutory language is clear and unambiguous, I "must

---

[5] The FLSA contains a somewhat related exemption, providing that "section 207 . . . shall not apply with respect to . . . any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers . . . ." 29 U.S.C.§ 213(b)(1)(A).

give effect to the plain and ordinary meaning of the language." *Morales v. Morales*, 984 N.E.2d 748, 752 (Mass. 2013) (quoting *Victor V. v. Commonwealth,* 672 N.E.2d 529, 530 (Mass. 1996)).

The word "wage" is not defined in the Wage Act, except to provide that the term includes holiday or vacation payments pursuant to an agreement. *See* Mass. Gen. Laws ch. 149, §§ 1, 148; *Fraelick v. PerkettPR, Inc.*, 989 N.E.2d 517, 521 (Mass. App. Ct. 2013). Black's Law Dictionary defines "wage" as follows: "Payment for labor or services, usu[ally] based on time worked . . . Wages include every form of remuneration payable for a given period to an individual for personal services, including salaries, commissions, vacation pay, bonuses, . . . tips, and any similar advantage received from the employer." Black's Law Dictionary 1716 (9th ed. 2009). Thus, there is nothing in the language of the statute or the plain meaning of its terms to suggest that it does not encompass overtime differential to which an employee is entitled under federal law.

Regarding legislative intent, it is well established that the Wage Act was meant to prevent the unreasonable detention of wages. *Lipsitt v. Plaud*, 994 N.E.2d 777, 783 (Mass. 2013); *Melia v. Zenhire, Inc.*, 967 N.E.2d 580, 587 (Mass. 2012); *Boston Police Patrolmen's Ass'n, Inc. v. City of Boston*, 761 N.E.2d 479, 481 (Mass. 2002). Enacted in 1886, "[t]he Wage Act 'was intended and designed to protect wage earners from the long-term detention of wages by unscrupulous employers as well as protect society from irresponsible employees who receive and spend lump sum wages.'" *Lipsitt v. Plaud*, 994 N.E.2d at 783 (quoting *Melia v. Zenhire, Inc.*, 967 N.E.2d 580, 587 (Mass. 2012)) (additional citation omitted); *see Camara v. Attorney Gen.*, 941 N.E.2d 1118, 1121 (Mass. 2011) (quoting *Electronic Data Sys. Corp. v. Attorney Gen.*, 907 N.E.2d 635, 641 (Mass. 2009)) (The purpose of the Wage Act is "to protect employees and their right to wages."). The Wage Act was originally limited to certain industries and lacked a private enforcement mechanism, but the Legislature has since broadened its scope. *Melia*, 967 N.E.2d at 588.

Regarding the type of eligible compensation, the law was expanded in 1954 to "cover commissions that are 'definitely determined' and 'due and payable'"; in 1966, it was modified to include holiday and vacation pay. *Id.* at 588 n.7.  This history shows that the Wage Act was intended to protect an employee's right to timely collect definite earnings.  I find no indication that the provision was meant to exclude overtime wages.

I find support for this position in recent decisions from within this District.  In *Carroca v. All Star Enterprises & Collision Ctr., Inc.*, No. CIV.A. 12-11202-DJC, 2013 WL 3496537, at *3 (D. Mass. July 10, 2013), this District confronted a situation nearly identical to the one at hand and found that the plaintiff was entitled to collect overtime pay pursuant to the Wage Act:

> Even if the Defendants' argument that [the Plaintiff] is a "garageman" is correct, that exemption is not relevant where the plaintiffs are *not* alleging a violation of the *state* overtime wage law, Mass. Gen. L. c. 151 § 1A, but instead allege a violation under Mass. Gen. L. c. 149 § 148 governing the timing of wage payments of payments due here under *federal* overtime law.

Similarly, although not directly on point, this District found in *O'Brien v. Lifestyle Transp., Inc.*, 956 F. Supp. 2d 300, 309 (D. Mass. 2013), that a Plaintiff, who had asserted claims under the Wage Act, the FLSA, and the FMWA, could collect overtime damages under the Wage Act so long as he was entitled to such overtime pay pursuant to the FMWA.

Defendants rely on a recent decision by the Massachusetts Supreme Judicial Court, *Crocker v. Townsend Oil Co.*, 979 N.E.2d 1077 (Mass. 2012), to support their contention that the Wage Act cannot be used to recover overtime pay.  In *Crocker*, the plaintiffs had filed claims under the Wage Act and the FMWA (but not the FLSA) for owed compensation, including overtime pay, after the statute of limitations for the FMWA had run but before the statute of limitations for the Wage Act had elapsed. *Id.* at 1979, 1081.  The court framed the issue as "whether an employee is entitled to maintain an action for unpaid overtime under the Wage Act (governed by a three-year

6

statute of limitations), rather than under the overtime provisions of [the FMWA] (governed by a

two-year statute of limitations[1])" and held as follows:

> [A]n employee whose claim for unpaid overtime is barred by the
> two-year statute of limitations may nevertheless assert a claim for
> unpaid wages under the Wage Act.  However, in such instance,
> recovery is limited to uncompensated time worked at the regular
> rate.  That is, if the two-year statute of limitations has elapsed, the
> employee is not entitled to the premium overtime rate under [the
> FMWA].  This holding strikes a balance between the Legislature's
> intent behind the Wage Act that employees receive timely payment
> of wages . . . and the Legislature's intent to draw a nominal
> distinction between overtime wages and regular wages by
> establishing different statute of limitations periods.

*Crocker*, 979 N.E.2d at 1081, 1082 (citations omitted).

     *Crocker* and related cases from this District, cited by Defendants, are consistent with the

above interpretation of the Wage Act.  In *Crocker*, unlike in this case, the plaintiffs had not asserted

a valid entitlement to overtime pay under either state or federal law; they brought only a state law

claim for overtime, and the statute of limitations for this claim had elapsed. *See id.* at 1079, 1081.

Similarly, in *Mogilevsky v. Bally Total Fitness Corp.*, 263 F. Supp. 2d 164, 165-66, 169-70 (D.

Mass. 2003), cited favorably by the *Crocker* court, this District found that a plaintiff was entitled

to recover regular pay but no overtime differential where the statutes of limitation for the FMWA

and FLSA (but not the Wage Act) had elapsed.  Most recently, in *Napert v. Gov't Employees Ins.*

*Co.*, 36 F. Supp. 3d 237, 243 n.7 (D. Mass. 2014), this District, citing *Crocker*, found that recovery

under the Wage Act for overtime was limited to uncompensated time worked at the regular wage

rate and did not include any overtime differential, where the plaintiff was exempt from mandatory

overtime under the FMWA and had not asserted an FLSA claim.

     The above-cited decisions, and a close reading of the Wage Act, lead to the conclusion that

the statute applies to the untimely payment of all wages to which an employee is entitled under

either state or federal law.  The past decisions in which plaintiffs were not permitted to collect

unpaid overtime differential under the Wage Act all have in common that the plaintiffs had failed

to establish *any* entitlement to overtime pay, either because of an exemption or a running of the

statute of limitations. *See Napert*, 36 F. Supp. 3d at 243 n.7 (exemption); *Mogilevsky*, 263 F. Supp.

2d at 169-70 (statute of limitations); *Crocker*, 979 N.E.2d at 1082 (statute of limitations); *Quazi v.*

*Barnstable Cnty.*, 877 N.E.2d 273, 278 (Mass. App. Ct. 2007) (exemption).  Here, Plaintiff has

asserted a claim for overtime pay pursuant to the FLSA.[6]  Therefore, his Wage Act claim survives

Defendants' motion to dismiss.

### Conclusion

For the reasons set forth above, Defendants' partial motion to dismiss (Docket No. 7) is ***denied***.


**SO ORDERED.**


                                        **/s/ *Timothy S. Hillman***
                                        **TIMOTHY S. HILLMAN**
                                        **DISTRICT JUDGE**

---

[6] I am not, of course, passing judgment on the viability of Plaintiff's claimed right to overtime
pursuant to the FLSA.  This question is beyond the scope of the instant motion, which pertains
only to Count II of Plaintiff's complaint.